IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

ROXANNE MURRAY, et al.,

        Plaintiffs,

v.

WALGREEN COMPANY,

        Defendant.

HON. JEROME B. SIMANDLE

Civil No. 10-3333 (JBS/AMD)

**MEMORANDUM OPINION**

**SIMANDLE**, District Judge:

    This matter is before the Court upon Plaintiffs' motion seeking relief pursuant to Rule 60(b)(1), Fed. R. Civ. P., from the Court's Order dismissing their Complaint without prejudice [Docket Item 5]. THIS COURT FINDS AS FOLLOWS:

    1. Plaintiffs filed this lawsuit on June 30, 2010, naming as Defendant Walgreen Company. [Docket Item 1]. In their Complaint, Plaintiffs allege that Defendant and Defendant's agents discriminated against them on the basis of sex, exposed them to sexual harassment, and retaliated against them, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e and the New Jersey Law Against Discrimination.

    2. Under Rule 4(m), Fed. R. Civ. P., service upon Defendant was due 120 days after filing the Complaint, which would have expired on approximately October 28, 2010. More than three weeks after the expiration of this deadline, on November 22, 2010, the Court observed that Plaintiffs appeared to have not yet served

Defendant. Consequently, the Court filed a Notice of Call for Dismissal, informing Plaintiffs that the case would be dismissed for failure to prosecute on December 10, 2010, unless good cause for the delay in service was shown. [Docket Item 3.] Plaintiffs responded with an affidavit by Plaintiffs' counsel, who explained that Plaintiffs had "discovered additional claims", were "in the process of Amending the Complaint", were "in the process of trying to locate the individual defendants" not named in the original Complaint but who potentially might be named in the potential amended complaint, and finally that Plaintiffs' counsel was "waiting to hear back from Plaintiffs regarding details needed to file the amended Complaint." Messing Aff. at ¶¶ 5-7, Docket Item 4.

3. On December 15, 2010, the Court entered an Order dismissing Plaintiffs' Complaint without prejudice pursuant to L. Civ. R. 41.1(a). [Docket Item 5]. The Court concluded that "Plaintiffs' counsel's affidavit fails to show good cause why the case has been dormant and why service has not been made upon the named defendant in the 120-day period for doing so." Dec. 15, 2010 Order at 2.

4. Plaintiffs subsequently filed the instant motion to vacate the Court's December 15, 2010 Order, requesting relief pursuant to Rule 60(b)(1), Fed. R. Civ. P., as well as seeking a deadline by which to file an amended complaint. In their

2

submission, Plaintiffs argue that excusable neglect was shown in Plaintiffs' counsel's November 22, 2010 affidavit and that dismissal under L. Civ. R. 41.1(a) and Fed. R. Civ. P. 41(b) was improper in this case. Defendant Walgreen responded[1] in opposition to Plaintiffs' motion, and argued that the Court should deny Plaintiffs' motion because excusable neglect was not shown and dismissal for failure to prosecute was proper. [Docket Item 7.] Plaintiffs have not attached any proposed amended complaint, but have described their intention to plead additional state law causes of action against new defendants.

5. For the reasons now explained, the Court will deny Plaintiffs' motion. Initially, the Court notes that Rule 60(b) is applicable to the Court's December 15, 2010 dismissal without prejudice because Plaintiffs can no longer amend their Complaint because, as the parties agree, the statute of limitations has run on Plaintiffs' claims. Brennan v. Kulick, 407 F.3d 603, 606 (3d Cir. 2005) ("the dismissal of a complaint without prejudice after the statute of limitations has run . . . is considered a final and appealable order); see also Ahmed v. Dragovich, 297 F.3d 201, 207 (3d Cir. 2002) (holding that ordinarily, an order dismissing a complaint without prejudice is not a final order). Thus,

---

[1] According to Walgreen's counsel, Walgreen first learned of this suit on January 25, 2011, when Plaintiffs' counsel forwarded a copy of the Complaint and other papers including the motion to vacate to Barbara O'Connell, Esq., who had previously represented Walgreen at the EEOC fact-finding meeting on August 26, 2009.

because Plaintiffs would be time-barred from refiling a complaint in this action, the Court agrees with Plaintiffs that its Order of dismissal now constitutes a final order, to which Rule 60(b) applies.

6. Rule 60(b)(1) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b). As the Court of Appeals has explained,

> the determination whether a party's neglect is "excusable" is essentially an equitable one, in which courts are to take into account all relevant circumstances surrounding a party's failure to file. The Supreme Court identified, without limitation, these factors to consider: "the danger of prejudice . . . , the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." [Pioneer Investment Services v. Brunswisk Assoc., 507 U.S. 380, 395 (1993)].

George Harms Const. Co., Inc. v. Chao, 371 F.3d 156, 163 (3d Cir. 2004).

7. Plaintiffs' motion will be denied because Plaintiffs' neglect was not "excusable." Fed. R. Civ. P. 60(b)(1). The balance of the factors identified in Pioneer militate against a finding of "excusable neglect".

8. First, there is a "danger of prejudice" to Defendant at having to defend against Plaintiff's now-time-barred claims. Pioneer, 507 U.S. at 395. The Supreme Court recently emphasized

this point:

> Statutes of limitations serve a policy of repose. They represent a pervasive legislative judgment that it is unjust to fail to put the adversary on notice to defend within a specified period of time and that the right to be free of stale claims in time comes to prevail over the right to prosecute them.

<u>Ledbetter v. Goodyear Tire & Rubber Co., Inc.</u>, 550 U.S. 618, 630 (2007) (internal quotations and citations omitted), <u>superseded by statute on other grounds</u> in 42 U.S.C. § 2000e-5(e).  In light of the Supreme Court's directive to heed the policy determinations implicit in statutes of limitations, Plaintiffs' argument that Defendant has suffered no prejudice because Defendant "is presumed" to have preserved evidence is unavailing.  Congress and the New Jersey legislature made policy determinations regarding the appropriate length of time a defendant like Walgreen should be expected to maintain records and witnesses can be expected to remember events in detail.  The Court must, as a result, find that Defendant would suffer prejudice by being forced to defend stale claims at this stage in the litigation.

9. Second, the "length of the delay" here – 168 days from the filing of the Complaint until the Court dismissed the action for failure to prosecute – is unreasonably protracted.  The Court finds that Plaintiff has been aware of the identity and address of Defendant since before filing the Complaint, and never attempted to serve it with process prior to the Court's Order dismissing without prejudice.

5

10.  Third, the Court finds that the reason for the delay was "within the reasonable control of the movant." Pioneer, 507 U.S. at 395.  Plaintiffs did not serve Defendant with the original Complaint because they wanted to file an amended Complaint, and failed to do so within the required 120 days of Rule 4(m) because Plaintiffs' counsel had trouble confirming certain facts with the Plaintiffs themselves.  Plaintiffs argue in their motion that, because part of the blame for the delay rests with the Plaintiffs themselves and part rests with Plaintiffs' counsel, "there were things outside both Plaintiffs' counsel's control and the Plaintiffs' control that caused the delay."  Pls.' Br. at 6.  The Court finds that the actions of both Plaintiffs' counsel and Plaintiffs themselves falls within the meaning of "the reasonable control of the movant" as stated in Pioneer, 507 U.S. at 395.  Thus, because the delay was exclusively within the control of Plaintiffs, the court finds that Plaintiffs were the sole reason for the delay.

11.  Finally, the Court finds that Plaintiffs have not demonstrated that they have "acted in good faith." Pioneer, 507 U.S. at 395.  Plaintiffs' counsel has explained that they chose not to serve Defendant Walgreen with the Complaint within 120 days (nor even within the two weeks notice given by the Court on November 22, 2010) because they wanted to amend the complaint to add additional claims and defendants.  They explain that, in

6

doing so, they acted with "reasonable haste to investigate the problem and take available steps toward remedy." Pls.' Br. at 6, citing Kohl's Dep't Stores, Inc. v. Levco-Route 46 Assoc., L.P., 121 F. App'x 971, 976 (3d Cir. 2005).  The Court finds, however, that Plaintiffs have not demonstrated that they acted in reasonable haste to investigate these claims, as they had at least 168 days to do so even after filing the Complaint. Additionally, even were the Court to find that they acted in reasonable haste, they still have failed to show good faith. Completing and filing an amended complaint in this matter was not the remedy called for by the Court in its November 22, 2010 Notice of Call for Dismissal.  Rather, the appropriate remedy was to serve Defendant with the already-stale Complaint, which Plaintiffs made no effort to do, and which Plaintiffs' counsel appears to have made a strategic decision not to do, and to give a cogent reason for that strategic decision, which is also absent.  See Kohl's, 122 F. App'x at 976 (recognizing that movant's strategic decision not to act shows lack of good faith). This strategic decision on the part of Plaintiffs' counsel to attempt to extend the statute of limitations on other claims by filing an untimely amended complaint rather than simply meeting the straightforward deadlines of Rule 4(m), Fed. R. Civ. P., or showing good cause for the failure, demonstrates an absence of good faith under Pioneer, 507 U.S. at 395.

7

12. The Court therefore finds that Plaintiffs have not demonstrated good faith under the excusable neglect test of Pioneer. However, even were the Court to find, to the contrary, that Plaintiffs' failed attempt to promptly file an amended complaint somehow constituted good faith, the Court would still find Plaintiffs have not demonstrated excusable neglect. The Third Circuit has held that a court considering a Rule 60(b)(1) motion on grounds of excusable neglect must consider the "totality of the circumstances" and not give any one factor dispositive weight. See George Harms Const. Co., Inc. v. Chao, 371 F.3d 156, 164 (3d Cir. 2004). Here, the Court finds that the prejudice to defendant as a result of the delay, the responsibility of Plaintiffs in causing the delay, the non-responsiveness to the Court's Notice of Call for Dismissal of November 22, 2010, and the length of the delay require the Court to find an absence of excusable neglect on Plaintiffs' part. See Jones v. Chemetron Corp., 212 F.3d 199, 204 (3d Cir. 2000) (affirming denial of Rule 60(b)(1) motion despite finding of "no evidence of bad faith on the part of the [movant]").

13. Because Plaintiffs have not prepared or attached a proposed amended complaint, it would be difficult to evaluate its potential merit. It is clear that the sole appropriate defendant for employment discrimination under Title VII is the employer, as individuals are not liable under Title VII. See Sheridan v. E.I.

8

DuPont de Nemours & Co., 100 F.3d 1061, 1078 (3d Cir. 1996), cert. denied, 521 U.S. 1129 (1997) (concluding that "Congress did not intend to hold individual employees liable under Title VII."). Accordingly, there is no reason Plaintiffs did not timely pursue their Title VII claims against Walgreen by serving process within the required period, since adding individual defendants would be futile. Similarly, Plaintiffs' notion that an amended complaint naming new defendants would relate back to the date of filing (June 30, 2010) is problematical. Under Fed. R. Civ. P. 15(c)(1)(C), an amendment adding a party against whom a claim is asserted relates back to the date of filing only if "Rule 15(c)(1)(B) is satisfied" (i.e., the amendment asserts a claim that arose out of the conduct, transaction or occurrence set out in the original pleading) and

> if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
> (i)   received such notice of the action that it will not be prejudiced in defending on the merits; and
> (ii)  knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Rule 15(c)(1)(C), Fed. R. Civ. P. In this case, it means that, for the amended complaint joining new parties to relate back to the June 30, 2010 filing of the original Complaint, Plaintiffs would have to show that the new defendants had notice of the original Complaint and should have known they would be named but for mistaken identity, all within the 120 day period of Rule

4(m), that is, by October 28, 2010. Since the Complaint was never served and even Walgreen's counsel did not receive it until January 25, 2011, it is difficult to imagine that newly named defendants would have had knowledge on or before October 28, 2010 that they should have been named as defendants here. If the matter does not relate back, new claims may be barred by any one-year statute (libel) or two-year statute (NJLAD) because the Complaint is confined to events occurring in the workplace no later than October 3, 2008. Compl. ¶¶ 12-94. While not determinative of Plaintiffs' motion, it must be noted that even if an amended complaint were permitted, it is doubtful, perhaps impossible, that for additional new defendants it would date back to the June 30, 2010 date of filing the original Complaint, and that such claims would likely be time barred even if such an amended complaint were filed.

14. As the Court has determined that Plaintiffs have not demonstrated excusable neglect, it cannot vacate its December 15, 2010 Order and reconsider its decision to dismiss the Complaint without prejudice under L. Civ. R. 41.1 and Fed. R. Civ. P. 41(b). The Court will accordingly deny Plaintiff's motion for relief from its December 15, 2010 Order. The accompanying Order will be entered.

August 24, 2011
Date

Jerome B. Simandle
JEROME B. SIMANDLE
United States District Judge

10